IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALEX RIVERA,                    )
                                )
           Plaintiff,           )
                                )
    v.                          )   Civil Action No. 3:10CV544–HEH
                                )
ERIC HOLDER, ATTORNEY GENERAL,  )
UNITED STATES DEPARTMENT OF     )
JUSTICE, FEDERAL BUREAU OF      )
PRISONS,                        )
                                )
           Defendant.           )

## MEMORANDUM OPINION
### (Denying Plaintiff's Motion to Disallow Answer; Denying Plaintiff's Motion for Default Judgment; Granting Defendant's Motion to Dismiss)

Plaintiff, a former employee of the Federal Bureau of Prisons ("BOP"), filed this action for damages against the BOP, asserting claims for breach of contract and employment discrimination. The case is presently before the Court on Plaintiff's Motion to Disallow Answer; Plaintiff's Motion for Default Judgment[1]; and Defendant's Motion to Dismiss. For the reasons stated below, Plaintiff's motions will be denied, and Defendant's Motion to Dismiss will be granted.

## I. BACKGROUND

In 2006, Plaintiff Alex Rivera ("Plaintiff") began employment with the BOP as a Correctional Officer at the Federal Correctional Complex in Petersburg, Virginia ("FCC

---

[1] This Court construes The Plaintiff's Motion for a Ruling Making the Plaintiff's Complaint Civil Action No 3:10CV544–HEH Accepted as the Truth as it is Written (Dk. No. 14) as a motion for default judgment. For the sake of clarity, Plaintiff's exhibits are referred to by CM/EMF document number and electronic page number.

Petersburg"), where he was assigned to the Special Housing Unit ("SHU"). While working in the SHU on July 18, 2007, Plaintiff apparently witnessed an inmate hanging and assisted in an unsuccessful attempt to rescue the inmate.

Plaintiff, who allegedly suffers from combat-related post-traumatic stress disorder ("PTSD"), had trouble dealing with the incident and requested to be removed from the SHU. The BOP allegedly informed Plaintiff that he needed to submit a doctor's note in order to obtain reassignment.

Plaintiff alleges that he provided a doctor's note from the Veterans Administration hospital to his BOP supervisor on or around July 26, 2007. Thereafter, Plaintiff was placed under investigation for falsification of his employment application—specifically, failure to disclose a mental health condition (PTSD); reassigned to the mail room; and allegedly subjected to closer supervision through February 7, 2008. Plaintiff alleges that, although he requested a leave of absence and removal from the SHU, he never requested to lose contact with the inmates.

According to Plaintiff, two African American staff members who witnessed similar incidents at FCC Petersburg were given time off and reassigned to units which retained inmate contact without being required to submit a doctor's note. In Plaintiff's view, this allegedly disparate treatment constituted discrimination on the basis of race (Hispanic) and disability (mental—PTSD).

On April 28, 2008, Plaintiff filed a formal administrative complaint,[2] alleging employment discrimination, in violation of Section 717 of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-16, and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791. On May 24, 2008, Plaintiff resigned from the BOP. According to Plaintiff, he was forced to resign in lieu of termination.

After the BOP's EEO office conducted an investigation, Plaintiff requested a hearing before the EEOC. Because Plaintiff failed to comply with pre-hearing procedures, the Administrative Judge ("AJ") denied Plaintiff's request. Plaintiff's complaint was remanded to the Department of Justice's Complaint Adjudication Office ("CAO") for a final agency decision on the merits.

On May 5, 2010, the CAO issued two separate memorandum decisions. In the first (the "Final Order"), the CAO accepted the AJ's dismissal of Plaintiff's hearing request, and advised Plaintiff that he could appeal that order to the EEOC within thirty days or to a federal district court within ninety days. In the second (the "Final Decision"), the CAO assessed the merits of Plaintiff's discrimination and constructive discharge claims,[3] and concluded that the record did not support a finding that Plaintiff was discriminated against on the basis of race or disability. The CAO advised Plaintiff

---

[2] Plaintiff first contacted an Equal Employment Opportunity ("EEO") counselor on March 7, 2008. (*See* Pl.'s Compl. Ex. 1-3, at 16.) On April 23, 2008, Plaintiff was given notice of his right to file a formal administrative complaint of discrimination. (*Id.*) Plaintiff's formal administrative complaint was postmarked and thus deemed filed on April 28, 2008. (*Id.* at 22.)
[3] Although Plaintiff did not formally raise a constructive discharge claim in his complaint, the CAO addressed the issue because of Plaintiff's statement that he was forced to resign in lieu of termination.

that he could appeal that decision by filing, within thirty days, an appeal to the Merit Services Protection Board ("MSPB") or a complaint in federal district court.

On August 4, 2010, Plaintiff filed this action asserting claims for breach of contract and employment discrimination. In light of Plaintiff's voluminous filings,[4] Defendant timely moved this Court for an enlargement of time in which to respond to Plaintiff's Complaint. On October 21, 2010, this Court granted Defendant's motion and ordered Defendant to move, answer, or otherwise respond to Plaintiff's Complaint on or before November 9, 2010. Defendant filed the instant Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on November 8, 2010.[5]

On November 15, 2010, this Court entered a Scheduling Order which required Defendant to file an answer within eleven days after entry of the Scheduling Order. In accordance with that Order, Defendant filed an Answer to Plaintiff's Complaint on November 24, 2010. On November 29, 2010, Plaintiff filed motions asking this Court to disallow Defendant's Answer and to enter default judgment in Plaintiff's favor.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377, 116 S. Ct. 1673, 1675 (1994). They possess only such power as is authorized by the Constitution or conferred by statute. *Id.*

---

[4] Plaintiff's twenty-six page *pro se* Complaint included over 300 pages of attached exhibits.
[5] Defendants also properly filed a Roseboro Notice.

4

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

### B. Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a motion to dismiss, the complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (interpreting Fed. R. Civ. P. 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). While Rule 8 does not require "detailed factual allegations," it does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555, 127 S. Ct. at 1964–65. The Court must assume the plaintiff's well-pleaded factual allegations to be true, and determine whether those allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Although a Rule 12(b)(6) motion does not traditionally resolve the applicability of defenses, *Republican Party of N.C.*, 980 F.2d at 952, "the defense that the plaintiff's claim is time-barred" may be reached on a motion to dismiss "where facts sufficient to rule on an affirmative defense . . . are alleged in the complaint," *Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009) (internal quotations and citation omitted). The Court may also consider pertinent documents attached to a motion to dismiss so long as the authenticity of the documents is not disputed. *Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *see also Brooks v. Arthur*, 611 F. Supp.2d 592, 597 (W.D. Va. 2009) (quoting *Witthohn v. Fed. Ins. Co.*, 164 Fed. Appx. 395, 396–97 (4th Cir. 2006) (per curiam), and noting that the Court "'may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed'").

### III. ANALYSIS

#### A. *Plaintiff's Motions to Disallow Answer and Enter Default Judgment*

Plaintiff's Motion to Disallow Answer is premised on the mistaken belief that Defendant was required to file an answer on or before November 9, 2010. However, this Court's October 21, 2010 Order required Defendants "to *move*, answer, *or otherwise respond* to Plaintiff's Complaint on or before November 9, 2010." (*See* Order Granting Def.'s Mot. Enlargement, Oct. 21, 2010 (emphasis added).) Defendant complied with this Order by filing a Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure on November 8, 2010.

6

Because Defendant timely filed a responsive Rule 12 motion, Defendant was not required to file an answer until November 26, 2010.[6] Accordingly, Defendant's Answer, filed on November 24, 2010, was timely filed, and Plaintiff's motions to disallow Defendant's answer and enter default judgment will be denied.

*B. Defendant's Motion to Dismiss*

### 1. Plaintiff's Breach of Contract Claim

Plaintiff first contends that the BOP breached the Collective Bargaining Agreement which governed the terms of Plaintiff's employment. Plaintiff seeks money damages in excess of $1,250,000.00.

Although federal district courts possess jurisdiction over monetary claims against the United States for $10,000 or less, jurisdiction over breach of contract claims against the United States which exceed $10,000 is vested exclusively in the federal Court of Claims. *Carefirst of Md., Inc. v. Carefirst Urgent Care Ctr., LLC*, 305 F.3d 253, 258 (4th Cir. 2002) (citing 28 U.S.C. §§ 1346(a)(2), 1491); *see also E. Enters. v. Apfel*, 524 U.S. 498, 520, 118 S. Ct. 2131, 2144 (1998). In this case, Plaintiff seeks money damages in excess of $1,250,000.00 dollars—clearly beyond the $10,000 jurisdictional limit of this Court. Accordingly, Plaintiff's breach of contract claim must be dismissed for lack of subject matter jurisdiction.[7]

---

[6] Rule 12(a)(4) provides that a party who serves a Rule 12 motion need not file an answer until within fourteen days after notice that the court has denied the motion or postponed its disposition until trial, unless the court sets a different time. Fed. R. Civ. P. 12(a)(4). This Court set a different time in its November 15, 2010 Scheduling Order, which required Defendant to file an answer within eleven days after entry of the Order.

[7] This court declines to exercise its authority to transfer Plaintiff's breach of contract claim to the federal Court of Claims under 28 USCS § 1631, because Plaintiff has also failed to identify any

7

## 2. Plaintiff's Employment Discrimination Claim

Because Plaintiff alleged in his administrative complaint that he was discriminated against on the basis of race and religion and that he was forced to resign in lieu of termination, Plaintiff's complaint constituted a "mixed case" complaint. *See* 29 C.F.R. § 1614.302(a)(1) (noting that "[a] mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race . . . [or] disability . . . stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)")[8]; *Ballard v. Tenn. Valley Auth.*, 768 F.2d 756, 757 (6th Cir. 1985) ("A 'mixed case' is one in which an employee alleges that unlawful discrimination was a motivating factor in the personnel action being appealed.").

---

waiver of sovereign immunity. "Where sovereign immunity bars the claim, the court lacks subject matter jurisdiction and must dismiss the case." *Baily v. United States*, No. 3:09CV600, 2010 WL 3938251, at *1 (E.D. Va. Oct. 5, 2010). The plaintiff bears the "burden to show that an unequivocal waiver of sovereign immunity exists." *Welch v. United States*, 409 F.3d 646, 650–51 (4th Cir. 2005); *see also Wright v. Foreign Serv. Griev. Bd.*, 503 F. Supp. 2d 163, 181 (D.D.C. 2007) (dismissing rather than transferring claim where plaintiff failed to identify waiver of sovereign immunity).

In this case, Plaintiff is a former federal employee who alleges that the BOP breached a collective bargaining agreement which included a set of grievance procedures (*see* Pl.'s Compl. Ex 1-2, at 76–78), and thus Plaintiff's claim appears to fall within the purview of the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 7101 *et seq.* The CSRA "does not expressly confer federal court jurisdiction over employment-related claims covered by the negotiated grievance procedures of federal employees' collective bargaining agreements." *Whitman v. Dep't of Transportation*, 547 U.S. 512, 513, 126 S. Ct. 2014, 2014 (2006). Several courts have held that, to the extent that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), waives sovereign immunity and authorizes federal district courts to hear contract claims against the government of $10,000 or less, the CSRA in effect trumps that consent to suit and prevents federal district courts from exercising jurisdiction over claims for breach of a collecting bargaining agreement between a union and an agency of the federal government. *See, e.g., Sample v. United States*, 838 F. Supp. 373, 375–77 (N.D. Ill. 1993); *Yates v. United States Soldiers' & Airmen's Home*, 533 F. Supp. 461, 462 (D.D.C. 1982).

[8] The MSPB has jurisdiction to hear appeals of certain adverse federal employment actions, such as removal, suspensions lasting more than 14 days, and constructive discharge. *See* 5 U.S.C. §§ 7512, 7513(d). "Involuntary resignation constitutes constructive removal that is appealable to the MSPB." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001).

Although final agency decisions concerning mixed case complaints are reviewable by federal district courts, such review must be sought, if at all, within thirty days after receiving notice of the agency's final decision. *See* 5 U.S.C. § 7702(a)(2); 29 C.F.R. § 1614.310(a); *McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995) ("Employees pursuing relief through an EEO mixed case complaint may file a civil discrimination action in federal district court within 30 days of a final decision by the agency.") Courts have interpreted this time limit "to be nonjurisdictional and equivalent to a statute of limitations." *Joyner v. Garrett*, 751 F. Supp. 555, 761 (E.D. Va. 1990) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132-33 (1982); *Johnson v. Burnley*, 887 F.2d 471, 478 (4th Cir. 1989)).

In this case, the DOJ issued its Final Decision on the merits of Plaintiff's discrimination complaint on May 5, 2010. (*See* Def.'s Mot. Dismiss Ex. A, at 1.) The cover letter explained Plaintiff's rights of appeal—namely, that he could appeal to the MSPB or file a complaint in the appropriate United States District Court, so long as he filed such appeal or complaint "within thirty days of the date you receive this notification." (*Id.*) Plaintiff did not file his Complaint in this Court until August 4, 2010—nearly three months after the DOJ's final decision.

Plaintiff asserts that a May 5, 2010 cover letter from the CAO gave him a choice of where to file his appeal—(1) to the MSPB within thirty days, or (2) to a federal district

court within ninety days—and that he filed his Complaint in this Court within the ninety-day timeframe.[9] (Pl.'s Obj. ¶¶ 19-27.)

Unfortunately, Plaintiff conflates the cover letter which explained his right to appeal the Final Order accepting the AJ's dismissal of his *hearing request* with the letter explaining his right to appeal the DOJ's Final Decision on the *merits*. The cover letter attached to the Final Order stated that Plaintiff could appeal to the EEOC within thirty days or to a federal district court within ninety days. The cover letter attached to the merits-based Final Decision, however, explained that any appeal must be filed within thirty days.

Plaintiff seeks review of the DOJ's Final Decision on the merits, not the Final Order denying his EEOC hearing request. Accordingly, Plaintiff enjoyed only a thirty-day right of appeal.[10] Because Plaintiff failed to seek judicial review within the thirty-

---

[9] Although Plaintiff asserts that he did not receive the DOJ's final decision until after May 5, 2010, Plaintiff does not indicate the date on which he received notice of the decision. (*See* Pl.'s Obj. ¶ 27.) In light of the May 10, 2010 "Received" stamp on the letter by the BOP's Labor Law Branch, this Court cannot reasonably infer that Plaintiff failed to receive notice of the decision for over two months such that his Complaint in this Court would have been filed within the applicable thirty-day period. Indeed, Plaintiff does not claim that he complied with the thirty-day deadline; rather, he asserts that he filed this action within ninety days, and seeks to establish the applicability of the ninety-day right of appeal. (*See* Pl.'s Obj. ¶¶ 19-27.)

[10] The Court also notes that nothing in the record indicates Plaintiff was confused about which letter governed his rights to appeal the merits-based decision. First, whereas the merits-based decision and accompanying letter referenced the DOJ's "Final Decision," the letter and order accepting the dismissal of Plaintiff's hearing request referenced the DOJ's "Final Order." Second, the Final Order cover letter explained that Plaintiff could appeal to a federal court or to the EEOC; the Final Decision cover letter, however, explained that Plaintiff could appeal to a federal district court or to the MSPB. Plaintiff asserts that the CAO cover letter informed him he could appeal either to a federal district court or to the MSPB—not the EEOC. (*See* Pl.'s Obj. ¶¶ 22-25.) The logical inference is that Plaintiff knew which letter governed his rights of appeal with respect to the merits-based decision.

10

day timeframe set forth in 29 C.F.R. § 1614.310(a), his claims are time-barred and must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Disallow Answer and Motion for Default Judgment will be denied, and Defendant's Motion to Dismiss will be granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 14, 2010
Richmond, VA

11